UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CLAUDE HUDSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00347-JRS-MJD |
| | ) | |
| SMILEY, | ) | |
| FIRESTONE, | ) | |
| DYER, | ) | |
| BURNS, | ) | |
| TAYLOR, | ) | |
| NEWMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendants' Unopposed Motion for Summary Judgment**

Plaintiff Claude Hudson, Jr., filed this civil rights action alleging that while he was incarcerated at the Vigo County Jail he was unreasonably cold. He asserts that defendants Jail Matron Smiley ("Lt. Smiley"), Sgt. Firestone, Sgt. Dyer, Sgt. Burns, Sgt. Taylor, and Cpl. Newman were responsible for exposing him to these conditions. *See* dkt. 7. The defendants now seek resolution of the claims alleged against them through summary judgment. They argue that Mr. Hudson has failed to produce any evidence to support his Eighth Amendment claim. For the reasons explained below, the defendants' motion for summary judgment filed May 30, 2019, dkt. [89], is **granted.**

**I. Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must

support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

In this case, the defendants assert that Mr. Hudson does not have any evidence to support his constitutional claims. Mr. Hudson did not respond to this argument. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Mr. Hudson conceded to the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56-1, of which Mr. Hudson was notified. See dkt. 91. This does not alter the standard for assessing a Rule 56 motion but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

Mr. Hudson was incarcerated at the Vigo County Jail ("Jail") from January through September 2017. Dkt. 89-1 at 5-6 (Hudson Deposition). Mr. Hudson was detained in the Jail after being charged with touching a police officer in the line of duty and being a habitual criminal. He was a pretrial detainee from the time he entered the Jail until July of 2017 when he was convicted by a jury of both charges. *Id.*

Mr. Hudson was housed in the Health Unit because of high blood pressure and his age (80 years of age at the time).[1] Dkt. 89-1 at 8. Mr. Hudson described the temperatures in the Health Unit[2] at the Vigo County Jail as icy cold. *Id.* at 7-8. He testified that the cold conditions in his living quarters made it impossible to do his legal work without a coat and blanket. *Id.*

Mr. Hudson complained to defendants Sgt. Burns, Lt. Smiley, and Sgt. Firestone about the cold temperatures in the Health Unit. *Id.* at 9. Lt. Smiley testified that air circulation and

---

[1] Mr. Hudson testified during his deposition on August 10, 2018, that he would be 82 on September 8, 2018. Dkt. 89-1 at 4.
[2] This Unit is identified as the O Block or Medical Wing.

temperatures in the Jail are only an issue during the winter when the outdoor temperatures are very cold.

Mr. Hudson complained about the cold temperatures in the Health Unit to Lt. Smiley. *Id.* at 14. Mr. Hudson testified that he requested transfer to another block due to the cold temperatures. *Id.* at 11. Lt. Smiley was cooperative, and Mr. Hudson was transferred to the segregation unit for a few weeks. *Id.* at 12-14. Mr. Hudson testified that he was more comfortable in the segregation unit because it was convenient, he had privacy, and his meals were delivered. *Id.*

On February 26, 2017, Mr. Hudson submitted a general request form asking for stocking caps to be sold through commissary because he found it warmer and more comfortable if he wore one to bed. Dkt. 89-1 at 17 and 35. That request was denied. *Id.* at 18 and 35. Lt. Smiley testified that stocking caps were not necessary and that they could be used for unintended purposes. Dkt. 89-7.

On May 10, 2017, Mr. Hudson filed a general grievance form complaining that Officer Wyrick removed the covering that Sgt. Burns had placed to block the air from coming out of the vent in Mr. Hudson's cell. Dkt. 89-1 at 19. In response, Mr. Hudson was told that Mr. Burns did not recall saying that the vents could stay covered, but even if he did, it was no longer necessary to block the vents because the outside temperature was rising as spring set in. Dkt 89-1 at p. 36.

On May 21, 2017, Mr. Hudson filed a general request form seeking an extra set of blankets for warmth, suggesting that Jail employees were psychopaths, and stating that he had cut the throat of a psychopath. In response, the supervisor stated that threats would not be

tolerated. Dkt. 89-5. Lt. Smiley testified that the need for an extra blanket is determined by Jail Medical staff. Dkt. 89-7 at 2.

On June 23, 2017, Mr. Hudson submitted a general grievance form that stated, "The air conditioning can be controlled by covering places it is blowing into here from." In response, he was informed, "We can't cover vents because of air circulation that has to take place in jails." Dkt. 89-6.

Mr. Hudson complained to Sgt. Burns about the temperature.[3] Dkt. 89-1 at 11. In response to Mr. Hudson's complaint about the temperature, Officer Burns turned off the air vent that was blowing on Mr. Hudson. *Id.* at 9-10.

### III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005).

---

[3] It is not clear when this complaint was made, but Mr. Hudson testified the complaint to Mr. Burns was made, "Not very long before I left there. I'd say within two weeks." Dkt. 89-1 at 11. This would have been in September 2017.

In this case, Mr. Hudson served time at the Jail as both a pre-trial detainee and a convicted prisoner. The Eighth Amendment protects convicted prisoners, while the Fourteenth Amendment protects pre-trial detainees. The Seventh Circuit has suggested that "courts should examine several factors in assessing claims based on low cell temperature, such as the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (noting that no one factor, or even a combination of factors, is necessarily determinative of a claim's success or lack thereof.).

### A. Eighth Amendment Claims

Pursuant to the Eighth Amendment, jail officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny 'the minimal civilized measure of life's necessities,'" *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer*, 511 U.S. at 834) (citation omitted). "[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, 'the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (*quoting Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998) (internal quotations omitted)).

The defendants here are entitled to summary judgment on the Eighth Amendment claims alleged against them. Mr. Hudson has not pointed to any evidence in the record which reflects that any defendant knew Mr. Hudson was at serious risk of being harmed and decided not to do anything. No Eighth Amendment violation is supported by the undisputed summary judgment record.

### B. Fourteenth Amendment Claims

Next, Mr. Hudson's claims must be considered pursuant to the Fourteenth Amendment. The defendants' motion only addresses Mr. Hudson's claims under the Eighth Amendment. At the time the motion was filed, this was appropriate because for many years, the Seventh Circuit "analyzed pre-conviction Fourteenth Amendment and post-conviction Eighth Amendment conditions-of-confinement claims under the same standard: that of the Eighth Amendment, which has both a subjective and an objective component." *Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019) (citing *Farmer*, 511 U.S. at 834). "The Supreme Court put a halt to that equation, however, when it indicated that the interests of pretrial detainees and prisoners derive from separate sources and must be assessed differently." *Id.* (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). In *Hardeman,* the Seventh Circuit held "that *Kingsley*'s objective inquiry applies to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees." 933 F.3d at 823.

To survive summary judgment, Mr. Hudson must present some evidence that the temperature in the Medical Unit was objectively unreasonable. In other words, "whether the severity and duration of the conditions" Mr. Hudson "experienced were so significant that . . . they violated the Constitution." *Hardeman*, 933 F.3d at 824. "[I]f a restriction or condition is not

reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979) (quoted by *Hardeman,* 933 F.3d at 823).

The undisputed record in this case reflects that when the defendants were notified that Mr. Hudson was cold, they acted reasonably by moving him to another unit or blocking the airflow to his cell. It is undisputed that he was denied a stocking cap for security reasons. The defendants were not responsible for providing additional blankets as that responsibility was delegated to the medical staff. Under these circumstances there is no plausible basis to conclude that the defendants' actions were objectively unreasonable. The defendants are entitled to judgment as a matter of law on the Fourteenth Amendment claims.

## IV. Conclusion

Mr. Hudson has not identified a genuine issue of material fact as to his claims in this case, and the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment, dkt [89], is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/27/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CLAUDE HUDSON, JR.
239119
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

David P. Friedrich
WILKINSON GOELLER MODESITT WILKINSON AND DRUMMY
dpfriedrich@wilkinsonlaw.com